BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-03-0013-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 29, 2003


______________________________



OSCAR BALDERAS,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A13518-9909; HON. JACK R. MILLER, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Oscar Balderas (appellant) appeals his conviction for driving while intoxicated. The
clerk's record was filed on January 30, 2003, and the reporter's record was filed on March
7, 2003. Thus, appellant's brief was due on April 7, 2003. However, one was not filed on
that date. By letter, this Court notified appellant of the expired deadline and directed him
to respond to our letter by Monday, April 28, 2003, or the appeal would be abated to the
trial court pursuant to Tex. R. App. P. 38.8. That date has lapsed, and appellant still has
yet to file a brief. 

 Consequently, we abate this appeal and remand the cause to the 64th District Court
of Hale County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35,
83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and has been denied effective assistance of counsel, then
we further direct the court to appoint new counsel to assist in the prosecution of the
appeal. The name, address, phone number, telefax number, and state bar number of the
new counsel who will represent appellant on appeal must also be included in the court's
findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before May 28, 2003. Should additional
time be needed to perform these tasks, the trial court may request same on or before May
28, 2003.

 It is so ordered.

 Per Curiam

Do not publish.



easons he offered here. Accordingly, we
abate this appeal and remand the cause to the 284th District Court of Montgomery County
(trial court). Upon remand, the trial court shall immediately cause notice of a hearing to be
given and, thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute the appeal;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file an appellate brief. See
Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d
821, 828 (1985) (holding that an indigent defendant is entitled to the
effective assistance of counsel on the first appeal as of right and that
counsel must be available to assist in preparing and submitting an
appellate brief). 

 Should the trial court find that appellant desires to pursue this appeal, is indigent,
and has been denied effective assistance of counsel, then we further direct it to appoint
new counsel to assist him in the prosecution of the appeal. We further direct the trial court
to issue findings of fact and conclusions of law addressing the foregoing subjects. The
name, address, phone number, telefax number, and state bar number of the new counsel
who will represent appellant on appeal must also be included in the trial court's findings of
fact and conclusions of law. Furthermore, the trial court shall also cause to be developed
1) a supplemental clerk's record containing the findings of fact and conclusions of law and
2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before May 26, 2004. Should additional
time be needed to perform these tasks, the trial court may request same on or before May
26, 2004.

 It is so ordered.

 Per Curiam

Do not publish.